UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATIE CELCE,

               Plaintiff,

v.

HOLLAND AMERICA, et al.,

               Defendants.

No. C06-738MJP

ORDER REGARDING DEFENDANTS' MOTION TO DISMISS

      This matter comes before the Court on Defendants' motion to dismiss for Plaintiff's failure to prosecute her claim, attend her deposition, or otherwise respond. (Dkt. No. 13.) Plaintiff has not responded. Having considered Defendants' motion, the documents submitted in support thereof, and the record herein, the Court DENIES Defendants' request for a dismissal order, but ORDERS Plaintiff to appear for her deposition and independent medical examination by May 29, 2007. If Plaintiff fails to comply, the Court will dismiss this action with prejudice.

**Background**

      Plaintiff Katie Celce, through her former attorney Ted Willhite, filed this lawsuit against Defendants on May 25, 2006, alleging that Plaintiff sustained personal injuries while aboard Defendants' ship. (Dkt. No. 1.) Throughout fall and winter of 2006-07, Defendants attempted to arrange for Plaintiff's deposition and Rule 35 independent medical examination, to no avail. (Shields Decl. ¶ 4-5.) On January 17, Plaintiff's counsel filed a motion to withdraw, and on February 6, 2007, the Court granted that request. (Dkt. No. 12.) In a declaration attached to the motion, Defendant's counsel states that he has attempted to move forward with discovery in this case, but Plaintiff has not

ORDER - 1

responded to letters sent to her last known address. (Shields Decl. ¶ 8.) Plaintiff did not appear for her depositions which were noted for February 19, 2007, and March 27, 2007. (Id. ¶ 11.) Based on Plaintiff's failure to move her case forward and to appear at her scheduled depositions, Defendant moves for an order of dismissal with prejudice.

**Discussion**

Fed. R. Civ. P. 37(d) provides that dismissal is an appropriate sanction is a party fails to attend a properly noted deposition. But dismissal is appropriate only if the absent party has evinced willfulness, bad faith, or fault. Id.; see also Refac Int'l, Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1254 (9th Cir. 1990). Before ordering the sanction of dismissal, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Refac, 921 F.2d at 1254; Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

In this case, the sanction of dismissal is not yet warranted. But Defendants are entitled to pursue discovery and to have this case move forward. Therefore, the Court ORDERS Ms. Celce to appear for a properly noted deposition and independent medical examination by May 29, 2007. If Ms. Celce fails to make herself available for the deposition or the examination, the Court will assume that she willfully refuses to participate in the discovery process. Defendants shall inform the Court on May 30, 2007, whether Ms. Celce has fully complied with this order. If she has not done so, this action will be dismissed with prejudice without further motion.

The clerk is directed to send a copy of this order to counsel for Defendants and to Ms. Celce at her last known address.

Dated this 8th day of May, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 2